UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY NICHOLSON,

       Plaintiff,

v.                                            Case No. 14-14391

CAROLYN W. COLVIN,                     HON. AVERN COHN
Acting Commissioner of Social Security,

       Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (Doc. 15),
GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 10),
DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Doc. 14),
<u>REVERSING THE COMMISSIONER'S FINDINGS, AND REMANDING THE CASE.</u>[1]**

## I.  INTRODUCTION

      This is a Social Security case. Plaintiff Anthony Nicholson (Nicholson) appeals

the final determination of the Commissioner of Social Security (Commissioner) denying

his application for disability benefits under the Social Security Act (SSA).

      Nicholson first applied for disability benefits in February 2008, claiming disability

beginning August 26, 2006. The Commissioner denied Nicholson's claims; Nicholson

requested a hearing. An Administrative Law Judge (ALJ) determined that Nicholson was

not disabled within the meaning of the SSA (the Prior Decision).[2]

      Approximately two years later, on March 22, 2012, Nicholson again applied for

Social Security benefits. In his application, Nicholson claimed he was disabled between

---

[1] Upon review of the papers, the Court deems this matter appropriate for decision
without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).
[2] Nicholson does not challenge the Prior Decision.

July 13, 2010, the date of the Prior Decision, and December 31, 2012, his date last insured (DLI).[3] The Commissioner denied Nicholson's claim; Nicholson requested a hearing.  An ALJ determined that Nicholson was not disabled within the meaning of the SSA. The Appeals Council denied Nicholson's request for review.  Nicholson filed a civil action seeking review of the ALJ's decision.

The parties filed cross motions for summary judgment. (Docs. 10, 14).  The motions were referred to a MJ for a report and recommendation (MJRR).  The MJ issued a MJRR (Doc. 15) recommending that the Court grant in part Nicholson's motion for summary judgment, deny the Commissioner's motion for summary judgment, reverse the Commissioner's findings, and remand the case for further proceedings.  The Commissioner filed a timely objection to the MJRR. (Doc. 16). Nicholson responded to the objection. (Doc. 17).

The Commissioner's objection is without merit. The Court ADOPTS the MJRR, GRANTS IN PART Nicholson's motion for summary judgment, DENIES the Commissioner's motion for summary judgment, REVERSES the findings of the Commissioner, and REMANDS the case for further proceedings.

## II.  BACKGROUND

### A.  The ALJ's Decision

The MJRR summarizes the ALJ's decision denying benefits as follows:

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity from the alleged onset date through his date last insured. At step two, the ALJ found that plaintiff's cervical disc disorder, depression, occipital headaches and substance abuse were severe impairments. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. The ALJ

---

[3] At the hearing, Nicholson amended the onset date to September 20, 2010.

determined that plaintiff had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, I find that the claimant has the residential functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he was limited to simple repetitive tasks because of occasional limitations in the ability to maintain sustained concentration; no more than occasional pushing/pulling with the upper extremities; no overhead reaching; occasional gross manipulation bilaterally; no work at hazardous heights or around dangerous machinery; no work with vibrating tools or vibrating areas; no more than occasional climbing of stairs, balancing, stooping, crouching, kneeling, crawling; no climbing of ladders, ropes or scaffolds; no more than occasional full rotation, flexion, and extension of the head/neck area; with no lifting of more than ten pounds occasionally less than ten pounds frequently and the claimant requires a sit/stand option.

At step four, the ALJ concluded that plaintiff could not perform his past relevant work requiring light to heavy exertion and skilled abilities. At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy.

(Doc. 15 at 3-4)(internal citations to the record omitted).

### B. Parties' Motions for Summary Judgment

Nicholson's Motion for Summary Judgment alleges that the ALJ's decision is not supported by substantial evidence because (1) there is no medical evidence which supports the ALJ's residual functional capacity (RFC) assessment; (2) in the absence of any credible medical opinions that Nicholson can perform sedentary work, the ALJ improperly substitutes her opinion for that of a medical expert; (3) the ALJ errs in weighing the opinion of Nicholson's treating physician, and (4) the ALJ misapplies the Sixth Circuit's pain standard.

The Commissioner cross motions for summary judgment and argues that (1) the ALJ correctly adopted the Prior Decision which she is required to do absent new and

material evidence or a change in the governing law; (2) substantial evidence supports the ALJ's RFC finding; (3) the ALJ has properly considered the treating physician's opinion; and (4) substantial evidence supports the ALJ's finding of credibility of Nicholson's allegations about his pain.

### C. MJRR

The MJ recommends granting in part Nicholson's motion for summary judgment, denying the Commissioner's motion for summary judgment and remanding for further proceedings with the ALJ.

In providing the basis for her RFC analysis, the ALJ states:

> The undersigned has also considered the requirements of Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir.)…Where there has been a previous Administrative Law Judge decision finding of residual functional capacity for a claimant, absent new and additional evidence or changed circumstances, a subsequent administrative law judge may not find a different residual functional capacity. While there are differences between the residual functional capacity found in this decision and that in the prior administrative law judge decision, they are not material.

(Doc. 6, Ex. 2, Pg. ID 36). In reviewing the ALJ's decision, the MJ explains that administrative res judicata binds subsequent ALJs unless the plaintiff provides evidence documenting a worsening condition. (Doc. 15 at 30). See Drummond v. Comm'r of Soc. Sec., 126 F.3d 837 (6th Cir. 1997). To overcome a presumption that the plaintiff remains able to work in a subsequent period after a prior decision of non-disability, the plaintiff must proffer new and material evidence that his health has declined. (Doc. 15 at 30). The evidence must show deterioration in plaintiff's condition. Id. In making a determination, the ALJ must read and consider the initial decision and compare any newly submitted materials to that baseline to make his decision. Id. at 31.

Here, while the ALJ cites <u>Drummond</u> and its res judicata standard, she does not indicate how or if she is applying it. In <u>Ballatore v. Comm'r of Soc. Sec.</u>, 2013 WL 1090671 (E.D. Mich. March 15. 2013), the issue before the court was whether the plaintiff had demonstrated a deterioration in his condition sufficient to avoid the strictures of res judicata and the binding effects of a prior decision. <u>Id</u>. at *5. The court remanded the issue, in part, because the ALJ had not discussed the original RFC or explained how the current status of the claimant's condition differed from the status at the time of the original determination. <u>Id</u>. at *4-5.

Similarly, the ALJ in this case fails to identify, discuss, explain, or analyze whether any of Nicholson's conditions have changed since the Prior Decision.  Instead, the ALJ simply references the RFC from the Prior Decision without discussing it – other than to note that the differences between the RFC in the Prior Decision and in this decision are not material – and does not indicate whether she is applying the Prior Decision's RFC to her current decision or not. (Doc. 6, Ex. 2, Pg. ID 36).

Accordingly, the MJ recommends a remand so that the ALJ may clarify if the record shows a deterioration subsequent to the Prior Decision justifying the development of a new RFC; otherwise, the Prior Decision continues to be binding.

### D. Commissioner's Objection to the MJRR

The Commissioner has filed a single objection to the MJRR which argues that the MJ errs in finding that remand is necessary to determine whether the Prior Decision continues to be binding. The Commissioner notes that the Agency decided in the Prior Decision that Nicholson was disabled and again decided likewise in the instant decision. Accordingly, the Commissioner says that remand is unwarranted because, even if the

5

Agency were to determine on remand that the Prior Decision is not binding, that determination would not affect the outcome of the case. See Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. STANDARD OF REVIEW

### A. Objections to the MJRR

A district court must conduct a de novo review of the parts of a MJRR to which a party objects. 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. The requirement that district judges with life tenure conduct a de novo review and be the final arbiters of matters referred to a magistrate judge is jurisdictional. United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985); Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

### B. Commissioner's Disability Determination

Judicial review of a Social Security disability benefits application is limited to determining whether "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 399 (1938).

"Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Casey v. Sec'y of HHS, 987 F.2d 1230, 1233 (6thCir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009).  The substantial evidence standard is deferential and "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts."  Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

When determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must take into consideration the record as a whole.  Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973).  If the Appeals Council declines to review the ALJ's decision, the court's review is limited to the record and evidence before the ALJ, Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993), regardless of whether the ALJ actually cited to the evidence.  Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989).  Nonetheless, there is no requirement that the reviewing court discuss all evidence in the record.  Kornecky v. Comm'r of Soc. Sec., 167 F. App'x. 496, 508 (6th Cir. 2006).  Essentially, the court's role is limited to a search for substantial evidence that is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

## IV. ANALYSIS

The Commissioner's objection lacks merit. The well-reasoned MJRR exhaustively addresses the res judicata issue.  To reiterate, absent evidence that

Nicholson's condition deteriorated or improved since the Prior Decision – a conclusion that necessarily requires discussing the status of Nicholson's condition from 2006-2008 in comparison to his present condition – the ALJ is bound by the prior RFC determination.

Here, in making her determination, the ALJ simply references the Drummond standard and the RFC from the Prior Decision and fails to indicate how or even if she is applying the Drummond standard. Furthermore, the ALJ refers to other considerations in making her determination in addition to the Prior Decision such as Nicholson's symptoms and the opinion of his treating physician. In doing so, the ALJ does not explicitly explain whether any factor is outcome determinative. Accordingly, remand is necessary for the ALJ to clarify if the record shows a deterioration subsequent to the Prior Decision justifying the development of a new RFC; otherwise, the Prior Decision remains binding.


SO ORDERED.


                                                    s/Avern Cohn_____
                                                    AVERN COHN
Dated: April 1, 2016                                UNITED STATES DISTRICT JUDGE
Detroit, Michigan

8